We have 2 spear cases 1st. We're going to hear. In race beer, E. C. 25. Dash 1, 1, 1, 7. All right, so may I have the appearance for, uh, the appellant and I think that there's no appellee on this matter and that is the. Uh, yeah, 1, 1, 1, 7, right? Yes, right. Okay. So let's have the appearance for the appellant. Good morning, your honors Nicholas daughter from the law office of James Aerosmith on behalf of appellant Valerie spear. All right, since there's no 1, uh, going to argue on the other side, you don't need to reserve time for rebuttal. So, please begin. Thank you good morning. Your honors. Um, this appeal asks whether a deaf pro se litigant who was simultaneously defending a federal eviction action. 1, that could have placed her and her 3 minor children on the street should be denied her day in court on non discharge ability, simply because she missed a procedural deadline while overwhelmed by an extraordinary confluence of adversarial proceedings. We submit that the answer is no, and that the bankruptcy court abused its discretion in dismissing a P. 25 02041. There are 4 main issues in this matter. The 1st is the central 1, which is whether the bankruptcy court abuses discretion. The dismissal was an abuse of discretion because the deadlines were missed, not through not through neglect, but because she was simultaneously a pro se death litigant facing the trustees adversarial proceeding. That's not this appeal. This appeal is the appeal of her adversary complaint to not to make non dischargeable. Certain debts that were owed to her. Yes, I apologize. She was simultaneously defending against another appeal. And so my point is. The balance of whether the burden in this case favors the litigant or the appellant is strongly in her favor because of the the simultaneous actions she was defending. So, as a pro se litigant, the precise deadlines were running on both cases, and she was handling both herself at the same time as a death litigant. The court must weigh whether that burden was unreasonably in her favor while defending against another action that could result in her homelessness, which took a substantial amount of her time. There are excusable neglect circumstances that are recognized under pioneer investment services. The 4 are danger of prejudice to the opposing party, the length of delay, the reason for delay and good faith. Was that in your brief? Was that in the brief? I believe so. I did not prepare the brief personally. I am working with a co counsel. Okay. So, there the 1st issue of whether there was prejudice, the opposing party suffered no prejudice or Boca in this matter, the underlying merits were fully documented in the unlawful detainer trial record. Any delay was brief and attributable to the concurrent federal adversary proceeding. And the reason is compelling. Again, she was defending against 2 actions simultaneously while pro se. Again, she acted in good faith. She filed pro se briefs on her own behalf and was an active litigant. While she missed the deadline, that single procedural failure should not be held against her when all of these factors are weighed. I'd also point out Valerie is deaf and the ADA and due process requires a heightened scrutiny of dismissals in these cases. She navigated federal bankruptcy court, 2 adversary proceedings, 2 board of appeals without counsel. And dismissing her non-dischargeability complaint on procedural grounds wouldn't give her a meaningful consideration of her disability and the pro se status that raised concerns of due process. I would like to turn to the 2nd issue of fraud. Bocalan is a licensed real estate agent and mortgage loan originator. He filed an unlawful detainer complaint falsely claiming that Valerie was his tenant, knowing that she was an equal co-owner for 6 years. He signed this fraudulent notice of termination of tenancy on December 27, 2023, knowing that no tenancy existed. He prosecuted the unlawful detainer through trial and then under oath admitted that Valerie was an equal owner, that there was no rental agreement, and that she had never been a tenant. Every element of Section 523A2 fraud is established by Bocalan's own testimony. The debt therefore arising from that fraud is non-dischargeable. The 3rd issue is the willful and malicious injury. Under Kawaha, I believe that's Kawaha, willful means a deliberate intentional injury. As evidenced by his own testimony at trial, Bocalan's conduct was exactly that. He intentionally filed a fraudulent eviction action against his equal co-owner. He refused two separate buyout offers that would have resolved the dispute. He continued prosecuting the case through perjured testimony at trial. And when the evidence made the case indefensible, his own attorney withdrew under the state bar rules of professional conduct, without even consulting him. There was no just cause or excuse for filing an eviction action against the co-owner of 8 years, who has 3 children, and the court order requiring those children to remain in the home, and not a single rental agreement was in existence. This conduct is squarely within the bounds of Section 523A6. I'd like to also touch on due process. Pardon me, just making sure I have all my notes here. Dismissing a non-dischargeability complaint against a deaf, pro se litigant who was simultaneously defending federal eviction proceedings, without counsel, without an interpreter, was fighting on two fronts at once, essentially denied her a meaningful opportunity to be heard. Section 105 exists precisely for results like this one. Essentially, the balance of interest, the balance of burdens, strongly weighs in Valerie's favor. Nicar Bolkalan admitted under oath that Valerie Speer was an equal co-owner. His own attorney withdrew, and the bankruptcy court dismissed her claims on procedure without ever reaching the merits or the facts. Appellant respectfully requests that this court reverse the dismissal and demand for full adjudication of Valerie Speer's non-dischargeability claims, giving her her day in court, her due process, and ample consideration of the burdens that are at play here. Thank you. All right. Is that the conclusion of your argument? Yes, I'll reserve. Or, yes, conclude. All right. Very good. Thank you very much. This matter will be submitted, and we'll get you a decision promptly. So let's move on to the next one.
judges: Brand, Gan, Pearson